# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-01015-RPM-MEH

Janice Michaud,
    Plaintiff

v.

Greenberg & Sada, P.C. and
Alpine Credit, Inc.,
    Defendants.

_____

## MOTION TO STRIKE DEFENDANTS' AFFIRMATIVE DEFENSES
_____

Pursuant to Fed. R. Civ. P. 12(f), Plaintiff, Janice Michaud ("Plaintiff"), hereby moves to strike the legally insufficient or inadequately pleaded affirmative defenses asserted by Defendant Greenberg & Sada, P.C. ("G&S") and Defendant Alpine Credit, Inc. ("Alpine") (collectively "Defendants"). In support thereof Plaintiff states as follows:

**I.  LEGAL AUTHORITIES**

    **A.  Federal Rule of Civil Procedure 12(f)**

Rule 12(f) of the Federal Rules of Civil Procedure provides that, on motion of a party, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc.*, 2008 WL 140488, at *1 (D.Colo. Jan.11, 2008) (*citing United States v. Shell Oil Co.*, 605 F.Supp. 1064, 1085 (D.Colo.1985)). "An affirmative defense is insufficient if, as a matter of law, the defense cannot

succeed under any circumstance." *Unger v. US West, inc.,* 889 F.Supp. 419, 422 (D. Colo. 1995).

### B. Discretion of the Court.

"While motions to strike are generally disfavored, the decision to grant a motion to strike is within the discretion of the court." *Burget v. Capital W. Sec., Inc.*, 2009 WL 4807619, at *1 (W.D.Okla. Dec.8, 2009) (*citing Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003)); *see Vanderhurst v. Colo. Mountain College Dist.*, 16 F.Supp.2d 1297, 1303 (D.Colo.1998). The court's discretion in disposing of a Rule 12(f) motion to strike has become "considerable." *Lane v. Page*, 727 F.Supp.2d 1214, 1223 (D.N.M. 2010).

### C. Insufficiency as a Matter of Law.

A motion to strike an affirmative defense under Rule 12(f) is proper when the defense is insufficient as a matter of law. *Unger v. U.S. West, Inc.*, 889 F.Supp. 419, 422 (D.Colo.1995). The court's central task in deciding a motion to strike an affirmative defense is whether the affirmative defenses as stated provide sufficient notice of their factual basis. *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 648 (D.Kan. 2009). To determine that a defense is insufficient as a matter of law, the court must be convinced the defense could "have no possible bearing on the controversy." *Sierra Club v. Tri-State Generation and Transmission Ass'n,* 173 F.R.D. 275, 285 (D.Colo. 1997).

The essential function of a Rule 12(f) motion is to streamline litigation, dispense with spurious issues prior to trial, and avoid the unnecessary expenditure of time and money by the parties of the court. *Accord Bell Atlantic v. Twombly*, 550 U.S. 544, 558 (2007). Where an insufficient affirmative defense might confuse or complicate the issues in the case, it should be stricken so that the plaintiff is not prejudiced and the court is not burdened with the time and expense of meaningless discovery. *Sierra Club v. Young Life Campaign. Inc.,* 176 F.Supp.2d

1070, 1086 (D. Colo. 2001); *see also. US v. Iron Mountain Mines, Inc.,* 812 F. Supp. 1528, 1535 (ED. Cal. 1992) (striking defense of failure to mitigate damages and equitable defenses, including unclean hands, where defenses were not applicable to plaintiff's claims) (citing *Sidney v. A.H.. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983).

D. **"Fair Notice" and "Plausibility" Required in Pleadings.**

Affirmative defenses are subject to the same pleading requirements as a complaint. *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999); *see also OSF Healthcare Sys. v. Banno*, 2010 WL 431963, at *2 (C.D.Ill. Jan.29, 2010) ("[*Bell Atlantic v. Twombly* and *Ashcroft v. Iqbal*] dealt with whether a complaint's allegations satisfied pleading requirements, but their statements seem equally applicable to affirmative defenses, given that affirmative defenses are subject to those same pleading requirements." (*citing Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir.1989) ("Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure.")). A defense that is not barred on fraud must provide "fair notice." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Thus, the "key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City. Nat. Bank,* 607 F.2d 824, 827 (9th Cir. 1979); *see also Holdbrook v. SAIA Motor Freight Line, LLC*, 2010 WL 865380, * 1 (D.Colo. March 08, 2010) ("Resolution of Plaintiff's motion to strike therefore turns on whether the pleading requirements set forth in *Twombley* and *Iqbal* are applicable to affirmative defenses.").

"It makes no sense to find that a heightened pleading standard applies to claims but not to affirmative defenses.... [T]he purpose of pleading requirements is to provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion...." *Hayne*, 263 F.R.D. at 649-50; *see also Burget v. Capital W. Sec., Inc.*, 2009 WL 4807619, *2 (W.D. Okla.

Dec.8, 2009) ("An even-handed standard as related to pleadings ensures that the affirmative defenses supply enough information to explain the parameters of and basis for an affirmative defense such that the adverse party can reasonably tailor discovery.").

In *Bell Atlantic Court v. Twombly,* the Supreme Court clarified its ruling in *Conley* and held that a complaint must state "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. This plausibility standard applies to the pleading of affirmative defenses as well. Furthermore, a party must provide more than "labels and conclusions" and that a "formulaic recitation of the elements of a cause of action" is insufficient. 550 U.S. at 555. *Accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("naked assertion[s] devoid of further factual enhancement" do not suffice). Merely creating suspicion of a cause of action is insufficient, as "actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Attorneys have a continuing obligation to eliminate unnecessary boilerplate in their pleadings. *See Glover v. Mary Jane M. Elliott, P.C.,* No. 1:07-cv-648, 2007 WL 2904050, at *2 (W.D. Mich. Oct. 2, 2007) (where defendant alleged 18 affirmative defenses in response to an FDCPA lawsuit over a collection letter, the court criticized attorneys for pleading everything "including the kitchen sink," showing a lack of thought and discipline). This case is no exception. Because Defendants raise only speculative affirmative defenses, Plaintiff and this Court must now take the time and resources to address and analyze them.

## II. APPLICATION OF LEGAL AUTHORITIES TO THE PLEADINGS

### A. Defendant's Bare-Bones Boilerplate Affirmative Defenses Fail To Provide Proper Notice To Establish Valid Defenses.

In terms of fair notice, where an "affirmative defense simply states a legal conclusion or

theory without the support of facts explaining how it connects to the instant case, it is insufficient and will not withstand a motion to strike." *Solis v. Zenith Capital, LLC*, 2009 WL 1324051, at *2 (N.D.Cal. Oct. 26, 2009) (*citing Jones v. Community Redevel. Agency*, 733 F.2d 646, 649 (9th Cir. 1984)). While an extensive exposition of the underlying facts is unnecessary, Defendants must establish some connection between the defense and the case. Here, Defendants' affirmative defenses consist of bald assertions unsupported by any facts to support their legal conclusion. Like in *Solis*, Defendants' affirmative defenses fail to establish any connection with the case and must be stricken.

    **B.    The Tenth Circuit Does Not Require A Showing Of Prejudice; However, Defendants' Affirmative Defenses Prejudice Plaintiff.**

The Tenth Circuit has not included prejudice among the elements a litigant must show to prevail on a motion to strike. *See Burrell v. Armijo*, 603 F.3d 825 (10th Cir. 2010). Additionally, Rule 12(f) does not require that a movant show prejudice to prevail on a motion to strike. *Lane v. Page*, 2011 WL 693176, 16 (D.N.M. Jan. 14, 2011); *see also Atlantic Richfield Co. v. Ramirez*, 176 F.3d 481, at *2 (9th Cir.1999) ("Rule 12(f) says nothing about a showing of prejudice and allows a court to strike material sua sponte. We decline to add additional requirements to the Federal Rules of Civil Procedure when they are not supported by the text of the rule." (citations omitted)).

However, "[p]rejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party." *Dean v. Gillette*, 2004 WL 3202867, at *1 (D.Kan. June 8, 2004); *see Foster v. Pfizer Inc.*, 2000 WL 33170897, at *2 (D.Kan. Dec. 12, 2000); *Hoffman Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F.Supp.2d 1006, 1009 (N.D.Ill. 1998). Where an insufficient affirmative

defense might confuse or complicate the issues in the case, it should be stricken so that the plaintiff is not prejudiced and the court is not burdened with the time and expense of meaningless discovery. *Sierra Club v. Young Life Campaign. Inc.,* 176 F.Supp.2d 1070, 1086 (D. Colo. 2001). Increased time and expense of trial constitute sufficient prejudice to warrant striking an affirmative defense. *Estee Lauder, Inc. v. Origins Natural Res., Inc.*, 189 F.R.D. 269, 272 (S.D.N.Y.1999).

Here, Defendants' affirmative defenses involve lengthy and complex issues that would greatly increase the time and expense of litigating this case. By Defendants doing nothing more than baldly asserting these defenses, Plaintiff would be forced to perform additional discovery to determine what basis, if any, Defendants have to support their allegations.

Furthermore, Defendants' failure to include any facts to establish plausibility or fair notice of their defenses is likely due to their inability to support them. As such, requiring Plaintiff to spend time and resources to counter defenses that Defendants have no intention of asserting would severely prejudice Plaintiff. Therefore, Plaintiff will be unfairly prejudiced by Defendants' affirmative defenses and they must be stricken.

### C.  **Failure to State a Claim – Both Defendants.**

Defendants' baldly assert that "[t]he Complaint fails to state claims upon which relief may be granted." (Doc. 6 at 1; Doc. 7 at 1). However. the mere recital of the standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6) fails to constitute a valid affirmative defense. *See McGrath v. Godshalk*, 2007 WL 2746865, at *12 (N.D. Ind. September 18, 2007) (holding mere recital of the "bare bones" legal standard for motion to dismiss insufficient because, as alleged, "the defense provides no explanation as to how and in what portion of the complaint plaintiff has failed to state a claim."). Broad affirmative defenses may be stricken where these

defenses are alleged in conclusory fashion without any factual basis, thereby depriving plaintiff a fair notice of the grounds upon which the defense rests. *Qarbon.com, Inc.*, 315 F. Supp. 2d at 1049-50. A general assertion that Plaintiff's Complaint fails to state a claim is insufficient to protect the plaintiff from being ambushed with an affirmative defense. *See Rademacher v. Colo. Ass'n of Soil Conservation Dists. Med. Benefit Plan*, 11 F.3d 1567, 1571 (10th Cir. 1993). As such, mere recital that Plaintiff fails to state a claim must be stricken. *See Castillo v. Roche Laboratories Inc.*, 2010 WL 3027726 at *4 (S.D. Fla. Aug. 2, 2010) (ruling that a defense contending "Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief may be granted" is "insufficient as it is no more than a recitation of the standard for dismissal under Rule 12(b)(6) and fails to notify Plaintiff of the deficiencies in the Complaint"); *Topline Solutions, Inc. v. Sandler Systems, Inc.*, 2010 WL 2998836 at *1-2 (D. Md. July 27, 2010) (striking the affirmative defense "[t]he Complaint fails to state a claim upon which relief can be granted" because it contained no facts and was "too conclusory to provide fair notice of the grounds on which" it stood).

Additionally, failure to state a claim is not an affirmative defense. *J & J Sports Productions, Inc. v. Montanez*, 2010 WL 5279907, *2 (E.D.Cal. Dec. 13, 2010) ("Failure to state a claim is an assertion of a defect in Plaintiff's prima facie case, not an affirmative defense."); *see also Barnes v. AT & T Pension Benefit Plan*, 2010 WL 2507769, at *6 (N.D.Cal. June 22, 2010) (*citing Boldstar Tech., LLC v. Home Depot, Inc.*, 517 F.Supp.2d 1283, 1291 (S.D.Fla.2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case. Therefore, it is not properly asserted as an affirmative defense.").

Failure to state a claim is more properly viewed as a negative rather than affirmative defense. *See Swanson v. American Express, Inc.*, 1989 WL 36227, at *1 (N.D. Ill. April 12, 1989); *Instituto Nacional de Comercializacion Agricola (Indeca) v. Continental Illinois Nat'l Bank and Trust Co.*, 576 F.Supp. 985, 991 (N.D.Ill.1983). A defendant may file an appropriate motion to dismiss for failure to state a claim upon which relief may be granted, and asserting it as a defense in the answer is not a necessary prerequisite to bringing such a motion. *J & J Sports Productions, Inc. v. Delgado*, 2011 WL 219594, at *2 (E.D. Cal. Jan 19, 2011). Therefore, Defendants' affirmative defenses asserting "[t]he Complaint fails to state claims upon which relief may be granted," must be stricken.

### D.     Right to Assert Additional Defenses – Both Defendants.

G&S and Alpine each assert that "Defendant reserves the right to additional defenses as such become available through Discovery." (Doc. 6 at 1; Doc. 7 at 1). However, reserving the right to assert additional defenses based on discovery, is not an affirmative defense and duplicates rights already preserved by the Federal Rules. *Solis*, 2009 WL 2022343, at *3. Defendants' right to amend pleadings to include additional legitimate defenses is already preserved by Rule 15 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15; *see, e.g., Wyshak*, 607 F.2d at 826-27.

The reservation of rights to assert additional defenses is "simply not a defense of any kind, much less an affirmative one." *Racick v. Dominion Law Associates*, 270 F.R.D. 228, 237 (E.D. N.C. 2010); *see U.S. v. Global Mortg. Funding, Inc.*, 2008 WL 5264986, *5 (C.D. Cal. May 15, 2008) ("An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself.") (*citing Reis Robotics U.S .A., Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 907 (N.D.Ill.2006)). Defendants' attempt to reserve the right to assert additional

affirmative defenses is a legal nullity. *Global Mortg. Funding*, 2008 WL 5264986 at *5; *see Messick v. Patrol Helicopters, Inc.*, 2007 WL 2484957, *4 (D.Mont. Aug.29, 2007) ("no force and effect"); *F.T.C. v. Stefanchik*, 2004 WL 5495267, *3 (W.D. Wash. Nov. 12, 2004) ("not a defense to the allegations asserted in the Complaint"); *Kelley v. Thomas Solvent Co.*, 714 F.Supp. 1439, 1452 (W.D.Mich. 1989) ("serves no function"). Thus, Defendants' reservation clauses are not proper affirmative defenses, are redundant, and must be stricken.

      E.    **Bona Fide Error – Defendant Alpine.**

Alpine baldly asserts that "[a]ny violation of the Fair Debt Collection Practices Act resulted from a <u>bona fide</u> error within the meaning of 15 USC Section 1692k." (Doc. 6 at 1 (emphasis in original)). The bona fide error defense is an affirmative defense that must be pleaded and proven, with which the debt collector bears the burden of proof. *Johnson v. Riddle*, 443 F.3d 723, 727-28 (10th Cir.2006). However, the bona fide error defense is predominantly reserved for "clerical, calculation, computer malfunction and programming, and printing errors." 15 U.S.C. § 1640(c); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S.Ct. 1605, 1615 (2010) (stating "the broad statutory requirement of procedures reasonably designed to avoid "any" bona fide error indicates that the relevant procedures are ones that help to avoid errors like clerical or factual mistakes"); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025, 1032 (6th Cir. 1992) ("Generally the term "error" is limited to clerical mistakes, such as minor numerical mistakes in transposing numbers.").

Alpine's purported affirmative defense is nothing more than a bare bones, conclusory allegation that fails to give Plaintiff fair notice of the grounds upon which it rests. *See Hayne*, 263 F.R.D. at 651 (striking affirmative defenses as insufficient under the *Twombly* standard and too conclusory to give Plaintiff fair notice of the grounds upon which they rest); *Heller*, 883 F.2d

at 1294 (upholding motion to strike all defendant's affirmative defenses because they were bare bones, conclusory allegations).

"As the text of § 1692k(c) indicates, the procedures component of the bona fide error defense involves a two-step inquiry: first, whether the debt collector "maintained"- i.e., actually employed or implemented-procedures to avoid errors; and, second, whether the procedures were "reasonably adapted" to avoid the specific error at issue." *Johnson*, 443 F.3d at 729. Here, Alpine's failure to incorporate any statement as to the existence of the preventive procedures and how any procedures were "reasonably adapted to avoid any such error," is fatal to this affirmative defense. *See Heard v. Bonneville Billing and Collections*, 2000 WL 825721, 3 (10th Cir. Jan. 26, 2000); *see also Racick*, 270 F.R.D. at 235 (holding that the defense of bona fide error must be stricken where the defense fails to provide notice of any specific error); *Bradshaw v. Hilco Receivables, LLC*, 725 F.Supp.2d 532, 537 (D. Md. 2010) ("Paragraph 51 of Hilco's Answer must be stricken because it was not plead with sufficient particularity under Fed.R.Civ.P. 9(b). In support of this affirmative defense, Hilco has merely copied the language of § 1692k(c), and has not plead facts that would give Bradshaw sufficient notice of specific mistake that Hilco is referencing."). Defendants' mere conclusory declaration that they maintained procedures to avoid error is insufficient. "If a bona fide error defense to FDCPA claim is to have any meaning in the context of a strict liability statute, then a showing of procedures reasonably adapted to avoid any such error must require more than a mere assertion to that effect, rather the procedures themselves must be explained, along with the manner in which they were adapted to avoid the error." *Welker v. Law Office of Daniel J. Horwitz*, 699 F. Supp.2d 1164, 1172 (S.D. Cal. 2010).

Alpine failed to do anything more than merely assert an affirmative defense of bona fide error. As a result, the defense must be stricken.

WHEREFORE, Plaintiff respectfully requests the Court strike Defendants' affirmative defenses.

Respectfully submitted,

June 9th, 2011

/s/ Craig Ehrlich
Craig Ehrlich
Weisberg & Meyers LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9th, 2011, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

Alan Greenberg
Greenberg & Sada PC
770 W Hampden Ave Suite 227
Englewood, CO 80110
alan@greenberglegal.com

s/ Craig J. Ehrlich
Craig J. Ehrlich