IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01015-RPM-MEH

Janice Michaud,
  Plaintiff

v.

Greenberg & Sada PC and Alpine Credit
  Defendants

_____

## RESPONSE TO MOTION TO STRIKE
_____

COME NOW THE DEFENDANTS, by and through the undersigned, their counsel, and here Respond to the Motion to Strike Affirmative Defenses filed on behalf of the Plaintiff as follows:

1.  In their Answer, Alpine Credit asserted the affirmative defense of "failure to state a claim upon which relief may be granted." Greenberg & Sada PC asserted that defense and that of <u>bona fide</u> error within the meaning of 15 USC Section 1692k.

2.  Defendant cites authority that the defense of failure to state a claim need not be pled. That authority is correct. No indication is given as to the efficacy or purpose therefor of striking the affirmative defense: given that it needn't be pled, striking it would seem to avail the movant of nothing. The Motion as to that defense is interposed for no purpose.

3.  Indeed, federal courts have found that such motions under Rule 12(f) are generally disfavored "because striking a portion of a pleading is a drastic remedy and because it is **often sought by the movant simply as a dilatory tactic**." <u>Waste Mgmt. Holdings, Inc. v. Gilmore</u>, 252 F.3d 316, 347 (4th Cir. 2001) (citing 5A Charles Alan Wright & Arthur R.

        Miller, Federal Practice & Procedure § 1380 (2d ed.1990)), as cited in <u>Fred Hutchinson Cancer Research Center v. Biopet Vet Lab, Inc.</u>, Civil Action 2:10cv616 (VAEDC) (emphasis added).

4. With regard to the <u>bona fide</u> error defense, there no authority dispensing with the necessity of pleading. That defense is one specifically set forth in the Fair Debt Collection Practices Act, and there is no indication at law that it need not be pled.

5. As to <u>bona fide</u> error, the Defendant appears to take the position that there are insufficient facts pled in support of the Motion. Authority under Rule 12f including those cited above, tend to show that a motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may prejudice one of the parties.") <u>Mata v. City of Farmington,</u> CIV 10-0366 JB/LFG (NMDC) (quoting Miller v. Pfizer, Inc., No. Civ. A. 99-2326-KHV , 1999 WL 1063046, at *3 (D.Kan. Nov. 10, 1999)).

6. But the defense itself is sufficient specific that it indicates what facts are called into question:

> (c) Intent
> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

7. Therefor, it is not necessary to state, in a separate factual allegation, that the Defendant did not intend to violate the FDCPA, and maintains procedures reasonably adapted to avoid such error. The defense itself informs the Plaintiff of what is alleged. It has not been shown to be prejudicial or irrelevant, and the Motion therefor should be denied.

WHEREFOR the Motion should be denied.

Respectfully submitted this 19th day of May, 2011
**/s/ Alan Greenberg**
Alan Greenberg
Greenberg & Sada PC
770 W Hampden Ave Suite 227
Englewood, CO 80110
(303) 781-3529
FAX 303-783-2222
alan@greenberglegal.com
ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and that I have served the foregoing document via the Court's ECF system or by U.S. Mail, proper postage prepaid, addressed to:

Craig Ehrlich
Weisberg & Meyers LLC
5025 N. Central Ave., #602
Phoenix, AZ 85012
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: CEhrlich@AttorneysForConsumers.com

This July 5, 2011.

**/s/ Alan Greenberg**
Alan Greenberg
Greenberg & Sada PC
770 W Hampden Ave Suite 227
Englewood, CO 80110
(303) 781-3529
FAX 303-783-2222
alan@greenberglegal.com
ATTORNEY FOR DEFENDANT