IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-01015-RPM-MEH

JANICE MICHAUD,

     Plaintiff,

v.

GREENBERG & SADA, P.C., and
ALPINE CREDIT, INC.,

     Defendants.

---

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE

---

**Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion to Strike Defendants' Affirmative Defenses [filed June 9, 2011; docket #8]. The motion is referred to this Court for disposition. (Docket #9.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion.[1]

## I.    Background

Plaintiff initiated this action on April 15, 2011, under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (Docket #1.) Plaintiff alleges that Defendants violated provisions of the FDCPA barring the utilization of false representations and "unfair or unconscionable" means in the course of attempting to collect a debt. (*Id*. at 3 (citing 15 U.S.C. §§ 1692e(2)(A), 1692e(10), 1692f).)

---

[1]The Court issues an order, not a recommendation, because the two stricken affirmative defenses do not deprive Defendants of their right to utilize the stated defenses, as further explained below.

Defendants filed two separate answers to Plaintiff's complaint on May 19, 2011. (Dockets ##6, 7.) Defendant Alpine Credit's answer asserts three affirmative defenses: 1) Plaintiff fails to state a claim upon which relief may be granted; 2) any FDCPA violation resulted from a bona fide error pursuant to 15 U.S.C. § 1692k; and 3) a reservation of the right to additional defenses resulting from discovery. (Docket #6 at 1.) Defendant Greenberg & Sada's answer states two affirmative defenses: 1) Plaintiff fails to state a claim upon which relief may be granted; and 2) a reservation of the right to additional defenses resulting from discovery. (Docket #7 at 1.)

In the motion presently before the Court, Plaintiff asks the Court to strike the affirmative defenses as insufficient as a matter of law, pursuant to Fed. R. Civ. P. 12(f). (Docket #8 at 2.) Plaintiff challenges the affirmative defenses as boilerplate and contends the defenses simply state legal conclusions unsupported by any facts. (*Id*. at 5.) Plaintiff argues that the defenses "involve lengthy and complex issues that would greatly increase the time and expense of litigation this case." (*Id*. at 6.) Plaintiff believes the failure to state a claim defenses deprive her of "fair notice of the grounds upon which the defense rests," and in any event, the defense is negative, not affirmative, and is properly raised by motion. (*Id*. at 7, 8.) As to the reservation to raise other defenses after discovery, Plaintiff asserts this defense is not a defense at all and simply "duplicates rights already preserved by the Federal Rules." (*Id*. at 8.) Plaintiff contends Defendant Alpine Credit's bona fide error defense is insufficiently supported and fails to provide her with adequate notice of the basis for the defense. (*Id*. at 10.) Plaintiff cites to cases in other federal jurisdictions applying the *Twombly*/*Iqbal* pleading standard to affirmative defenses in FDCPA (and other) cases and asks this Court to do the same. (*Id*. at 3-4.)

In response, Defendants concede that "the defense of failure to state a claim need not be pled;" however, Defendants suggest that striking the affirmative defense would not be of any benefit

to Plaintiff.  (Docket #13 at 1.)  Defendants emphasize that Rule 12(f) motions are generally disfavored as such motions typify dilatory tactics.  (*Id*.)  Regarding the bona fide error defense, Defendants argue that they need not include additional factual support for the defense, as the statute's plain language indicates what facts are at issue.  (*Id*. at 2.)  Defendants do not address their stated reservation of the right to pursue other defenses after discovery.

Plaintiff counters Defendants' inclination that the failure to state a claim defense need not be stricken, asserting that the lack of a reason for including the defense demonstrates that the defense "must" be stricken.  (Docket #14 at 1.)  Plaintiff asserts that by not addressing the reservation defense, Defendants assent to the provision being stricken.  (*Id*. at 1-2.)  As to the bona fide error defense, Plaintiff emphasizes her belief that although the Tenth Circuit does not require a showing of prejudice to strike a defense, Plaintiff is indeed prejudiced by its inclusion.  (*Id*. at 2-3.)  Plaintiff reiterates her request that the Court apply the *Twombly*/*Iqbal* pleading standard to Defendants' affirmative defenses.  (*See id*. at 3.)

## II.    Discussion

Rule 12(f) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  "The purpose of Rule 12(f) is to save the time and money that would be spent litigating issues that will not affect the outcome of the case." *Kimpton Hotel & Restaurant Group, LLC v. Monaco Inn, Inc*., No. 07-cv-01514-WDM-BNB, 2008 WL 140488, at *1 (D. Colo. Jan. 11, 2008) (citing *United States v. Shell Oil Co.*, 605 F. Supp. 1064, 1085 (D. Colo. 1985)).  Striking a portion of a pleading is a drastic remedy; the federal courts generally view motions to strike with disfavor and infrequently grant such requests.  5C Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1380 (3d ed. 2011).  Whether to strike an affirmative defense rests within the discretion of the trial court.  *Anderson v. Van Pelt*, No. 09-cv-

00704-CMA-KMT, 2010 WL 5071998, at *1 (D. Colo. Dec. 7, 2010) (citing *Vanderhurst v. Colo. Mountain Coll. Dist.*, 16 F. Supp. 2d 1297, 1303 (D. Colo. 1998)).

"An affirmative defense is insufficient if, as a matter of law, the defense cannot succeed under any circumstance." *Unger v. US West, Inc.*, 889 F. Supp. 419, 422 (D. Colo. 1995). Some courts have expanded this pleading standard based on notice to reflect the plausibility standard applied to pleading a claim for relief, which is what Plaintiff asks this Court to do. The *Twombly/Iqbal* plausibility pleading standard has not been extended to affirmative defenses in this Circuit, and the Court declines to do so here. The standard articulated in *Unger* continues to be the appropriate standard. For the reasons stated herein, the Court holds that an affirmative defense is sufficient if stated "in short and plain terms" pursuant to Rule 8(b)(1)(A) and if the movant fails to demonstrate that the defense cannot succeed under any circumstance.

Rule 8 prescribes the rules of pleading. Defenses are subject to three provisions with Rule 8: 1) the defense must be stated "in short and plain terms" (Rule 8(b)(1)(A)); 2) "any avoidance or affirmative defense" must be affirmatively stated (Rule 8(c)(1)); and 3) the defense "must be simple, concise, and direct" (Rule 8(d)(1)). The standard for pleading a claim for relief, as explained in Rule 8(a)(2), is distinct from the standard for pleading a defense; in addition to two other requirements not analyzed here, a pleading stating a claim for relief must include "a short and plain statement of the claim showing that the pleader is entitled to relief."

The Supreme Court recently redefined the Rule 8(a)(2) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *Twombly* and *Iqbal* heightened the pleading standard, requiring that "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). Plausibility means that the facts pled allow "the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Courts disagree as to whether the *Twombly*/*Iqbal* standard applies to the pleading of affirmative defenses. 5 Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 1274 (3d ed. 2011). The Tenth Circuit has not spoken directly to the issue; thus, it remains unresolved in this District. The Court looks to Senior District Judge Babcock's analysis in *Holdbrook v. SAIA Motor Freight Line, LLC*, No. 09-cv-02870-LTB-BNB, 2010 WL 865380 (D. Colo. Mar. 8, 2010), as persuasive precedent. Judge Babcock declined to evaluate a motion to strike an affirmative defense pursuant to the Rule 8(a)(2) standard. The court found it "reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given 20 days to respond to a complaint and assert its affirmative defenses." *Holdbrook*, 2010 WL 865380, at *2. Judge Babcock concluded that not holding an affirmative defense to the Rule 8(a)(2) standard articulated in *Twombly*/*Iqbal* was "the better-reasoned approach . . . particularly in light of the disfavored status of motions to strike." *Id*. *See also Chavaria v. Peak Vista Cmty. Health Ctrs.*, No. 08-cv-01466-LTB-MJW, 2008 WL 4830792 (D. Colo. Nov. 5, 2008) (requiring only a short and plain statement of the defense and rejecting the plaintiff's argument that the defendant must allege a factual basis for each affirmative defense).

The Court is unaware of binding precedent in the Tenth Circuit imposing the *Twombly*/*Iqbal* Rule 8(a)(2) standard onto Rule 8(b)(1)(A), and Plaintiff identifies none. In fact, the opposite appears to be true: in *Cagle*, the Tenth Circuit cited an Eighth Circuit case for the proposition that "[t]he rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims." *Cagle v. The James St. Grp.*, 400 F. App'x 348, 355 (10th Cir. 2010)

(unpublished) (quoting *Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 737 (8th Cir. 1997)). The *Cagle* court found that because the defendants raised a "lack of privity" affirmative defense in their answers, this brief statement "was sufficient to preserve the component elements of the defense," including the choice of law governing the defense's evaluation. 400 F. App'x at 355.

This Court agrees with the *Holdbrook* court and believes this conclusion is consistent with *Cagle*. Although Rules 8(a)(2) and 8(b)(1)(A) both employ the terms "short and plain," Rule 8(b)(1)(A) lacks the requirement stated in Rule 8(a)(2) that the statement show "that the pleader is entitled to relief." Rule 8(c) corroborates this distinction by laying out the specific rules for pleading an affirmative defense, without any mention of showing an entitlement to such defense through the inclusion of factual support. Practical considerations further support this finding; like the *Holdbrook* court, this Court believes it is untenable to require a defendant to plead an affirmative defense with the same level of thoroughness required to state a claim for relief, considering the limited time frame to produce an answer. Moreover, discovery is oftentimes needed to fully explore relevant defenses, as the grounds for certain defenses may rely on a plaintiff's own conduct. A short and plain statement of the affirmative defense (which of course must comport with Rule 11(b)'s requirements) provides notice to a plaintiff, who can then use the discovery process to investigate more fully the factual basis supporting the defense.

Defendant Alpine Credit identifies the bona fide error defense in its answer. Review of the FDCPA's statutory language explaining the bona fide defense would provide Plaintiff with the component elements of this defense, and Plaintiff, like other litigants, is free to explore the factual basis for this assertion through the discovery process. Plaintiff overstates her assertions of prejudice.

6

The Court finds nothing confusing or overly complex about Defendant's bona fide error defense.[2]

The Court further does not find compelling Plaintiff's argument that the affirmative defense "will cause Plaintiff to expend considerable time, energy, and recourses [sic] to determine the precise nature of Defendants' purported defense." (Docket #14 at 3.) Plaintiff initiated this lawsuit, is represented by competent counsel, and is clearly aware of the discovery process. Proffering a handful of interrogatories inquiring about the bona fide defense can hardly be characterized as "considerable" effort. Plaintiff fails to establish that the bona fide defense cannot succeed under any circumstance in her motion, thus the Court **denies** Plaintiff's motion as to this defense.

Defendants concede Plaintiff's points regarding the other two defenses, and the Court will not construct arguments on Defendants' behalf. The Court **strikes** the remaining two affirmative defenses stated by both Defendants; that is, failure to state a claim and the reservation of the right to pursue additional defenses. The Court notes that the striking of these defenses does not preclude Defendants from raising the failure to state a claim defense or other defenses permitted by the rules later in this litigation. *See* Fed. R. Civ. P. 12(h)(2) (identifying when the failure to state a claim defense may be raised).

## III.    Conclusion

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion to Strike Defendants' Affirmative Defenses [filed June 9, 2011; docket #8]. Defendant Alpine Credit's first and third affirmative defenses and Defendant Greenberg & Sada's first and second

---

[2]The citations Plaintiff presents in support of her position are taken out of context; all three cases are reviews of trial courts' adjudications of motions for summary judgment, which by their nature include the evaluation of evidence, not simply an affirmative defense on the face of an answer. (Docket #14 at 9 (citing *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 130 S. Ct. 1605 (2010); *Johnson v. Riddle*, 443 F.3d 723 (10th Cir. 2006); *Smith v. Transworld Sys., Inc.*, 953 F.2d 1025 (6th Cir. 1992)).)

affirmative defenses are stricken.

Dated and entered at Denver, Colorado, this 18th day of July, 2011.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge